IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY COOKS,

    Petitioner,                  No. 2:09-cv-0127 KJM KJN P

    vs.

D.K. SISTO, Warden,

    Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

      Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his federal constitutional right to due process was violated by a 2007 decision of the California Board of Parole Hearings (hereafter the Board) to deny him a parole date.[1] In addition, petitioner asserts his Eighth Amendment rights were violated.

////

////

---

[1] Petitioner also claims that the decision violated his rights under the state constitution. That claim is not cognizable in this action as federal habeas corpus relief is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985)

1

II. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. <u>Early v. Packer</u>, 537 U.S. 3, 7 (2002) (<u>citing</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. <u>Williams</u>, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id</u>. at 412; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations omitted).

The court looks to the last reasoned state court decision as the basis for the state court judgment. <u>Robinson v. Ignacio</u>, 360 F.3d 1044, 1055 (9th Cir. 2004). Where the state

court reaches a decision on the merits, but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) ("Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."); accord Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).  When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle, 313 F.3d at 1167.

III.  Petitioner's Claims

      A.  Due Process

Petitioner claims that his federal constitutional right to due process was violated by a 2007 decision of the Board to deny him a parole date.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is

1  "no constitutional or inherent right of a convicted person to be conditionally released before the
2  expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory
3  language, 'creates a presumption that parole release will be granted' when or unless certain
4  designated findings are made, and thereby gives rise to a constitutional liberty interest."
5  Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a
6  state's use of mandatory language ("shall") creates a presumption that parole release will be
7  granted when the designated findings are made.).

8  California's parole statutes give rise to a liberty interest in parole protected by the
9  federal due process clause. Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL
10 197627, at *2 (Jan. 24, 2011). In California, a prisoner is entitled to release on parole unless
11 there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181,
12 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in
13 Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports
14 converting California's 'some evidence' rule into a substantive federal requirement." Swarthout,
15 2011 WL 197627, at *3. In other words, the Court specifically rejected the notion that there can
16 be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a
17 parole proceeding. Id. at *3. Rather, the protection afforded by the federal due process clause to
18 California parole decisions consists solely of the "minimal" procedural requirements set forth in
19 Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why
20 parole was denied." Swarthout, at *2-3.

21 Here, the record reflects that petitioner was present at the 2007 parole hearing,
22 that he participated in the hearing, and that he was provided with the reasons for the Board's
23 decision to deny parole. (Dkt. No. 1 at 34-80; 1-1 at 1-45.) According to the United States
24 Supreme Court, the federal due process clause requires no more. Accordingly, this claim should
25 be denied.
26 ////

B.  Ex Post Facto

Petitioner claims the denial of parole has converted petitioner's life sentence into a sentence of life without the possibility of parole, in violation of the Ex Post Facto Clause. Petitioner avers that when he was sentenced under California Penal Code §§ 187 and 190, the crime of first degree murder did not include the language that the crime was committed in an "especially cruel and callous manner, dispassionate manner, and that petitioner's offense demonstrated an exceptional[ly] callous disregard for human suffering." (Dkt. No. 1 at 18.) Petitioner argues that this retrospective application of Board/DSL regulations essentially identified his crime as first degree murder with special circumstances, rather than first degree murder, resulting in an increased sentence of life without the possibility of parole. (Id.)

The Alameda County Superior Court issued the last reasoned state court decision. The Superior Court denied petitioner's claim as follows:

> Petitioner's claim that the denial of parole violates the prohibition of ex post facto application of the law fails to state a prima facie case for relief.  Because the Board's decision complies with due process and Petitioner continues to be eligible for parole, the decision to deny Petitioner parole did not increase the penalty for the murder.

(Dkt. No. 142-2 at 167.)

The States are forbidden from passing any ex post facto law.  U.S. Const. Art. I, § 10.  The Supreme Court has held that the Ex Post Facto Clause is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts."  Collins v. Youngblood, 497 U.S. 37, 43 (1990).  The Ninth Circuit has held that a California prisoner is not disadvantaged when his suitability for parole is considered under the amended guidelines because "the DSL guidelines require consideration of the same criteria as did the ISL."  Connor v. Estelle, 981 F.2d 1032, 1033-34 (9th Cir. 1992).  Under state law, a life prisoner must first be found suitable for parole before a parole date is set.  See In re Stanworth, 33 Cal. 3d 176, 183 (1982) ("reliance upon a table of time increments clashes with the statute's discerned demand for

reasoned individualization."). The ISL and DSL both required that the prisoner be found suitable for parole before a parole date could be set. (Id.)

Here, petitioner was not found suitable for parole by the Board. (Dkt. No. 14-2 at 124.) Therefore, no parole date would have been set under either the ISL or the DSL. Consequently, the Ex Post Facto Clause was not violated because the law did not change to the detriment of the petitioner. Connor, 981 F.2d at 1034. Moreover, petitioner's sentence has not been converted to life without the possibility of parole because petitioner is still eligible for parole review. Indeed, at the parole hearing, petitioner was placed on the 2010 calendar for his next parole hearing. (Dkt. No. 1-1 at 45.) Accordingly, petitioner's ex post facto claim is without merit. The state court's rejection of petitioner's ex post facto claim was neither contrary to, nor an unreasonable application of, controlling principles of United States Supreme Court precedent. This claim should be denied.[2]

### C. Equal Protection

Within his ex post facto challenge, petitioner suggests the denial of parole violated his right to equal protection. A petitioner raising an equal protection claim in the parole context must demonstrate that he was treated differently from other similarly situated prisoners and that the Board lacked a rational basis for its decision. McGinnis v. Royster, 410 U.S. 263, 269-70 (1973); McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1991). Petitioner has failed to show that any other inmate who was similarly situated to him was granted a parole date. Petitioner was treated equally to other indeterminate life-term inmates seeking parole in that he was given a hearing pursuant to state law where his individual circumstances were considered in

---

[2] Petitioner requests an evidentiary hearing on his claims. (Dkt. No. 1 at 30.) To obtain an evidentiary hearing, a petitioner is "required to allege specific facts which, if true, would entitle him to relief." Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted). The court concludes that no additional factual supplementation is necessary in this case and that an evidentiary hearing is not appropriate with respect to the claims raised in the instant petition. The facts alleged in support of these claims, even if established at a hearing, would not entitle petitioner to federal habeas relief. Therefore, petitioner's request for an evidentiary hearing should be denied.

determining whether he was suitable for parole. Accordingly, petitioner is not entitled to relief on his claim that his equal protection rights were violated by the Board's conclusion in 2007 that he was not suitable for parole.

Petitioner also argues that the Board failed to properly apply California Penal Code § 3031 in analyzing the circumstances of the crime as a factor of unsuitability. This claim appears to be based entirely on state law. Federal habeas corpus relief does not lie for a violation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

D. Eighth Amendment

To the extent petitioner argues his continued incarceration is cruel and unusual punishment because it is disproportionate to the crime committed, petitioner's claim is also unavailing.

Successful challenges to the proportionality of particular sentences are "exceedingly rare." Solem v. Helm, 463 U.S. 277, 289-90 (1983). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) (citing Solem). See also Lockyer v. Andrade, 538 U.S. 63, 77 (2003) (two consecutive twenty-five years to life sentences with the possibility of parole did not amount to cruel and unusual punishment); Ewing v. California, 538 U.S. 11 (2003) (holding that a sentence of twenty-five years to life imposed for felony grand theft under California's Three Strikes law did not violate the Eighth Amendment); United States v. Bland, 961 F.2d 123, 128 (9th Cir. 1992) (upholding a life sentence without possibility of parole for being a felon in possession of a firearm where defendant had an extensive criminal record).

The instant case does not present an "exceedingly rare" and "extreme" case where the failure of the Board to find petitioner suitable for parole, thus continuing his term of imprisonment, runs afoul of Eighth Amendment law as established by the Supreme Court of the

United States. Petitioner was convicted of first degree murder in the strangling death of a sixty-four year old unarmed man. In view of the decisions noted above, petitioner's sentence is not grossly disproportionate to this crime. See Harmelin, 501 U.S. at 1004-05 (life imprisonment without possibility of parole for possession of 24 ounces of cocaine raises no inference of gross disproportionality). Accordingly, petitioner is not entitled to relief on his Eighth Amendment claim.

IV. Conclusion

For all of the above reasons, the undersigned recommends that petitioner's application for a writ of habeas corpus be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after

////
////
////
////
////
////

service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cook0127.157